IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


AMBER KUCZKOWSKI,

        **Plaintiff,**

v.                                 **No. _____**

HOBBY LOBBY, and
JERRY "LEE" PATTERSON, individually,

        **Defendants.**

### COMPLAINT FOR DAMAGES AND NOTICE OF APPEAL

        Amber Kuczkowski, by and through her attorneys Valdez and White Law Firm, LLC (Timothy L. White), for her claims against the Defendant, states:

1.      This is an action for damages arising from Amber Kuczkowski's termination by Defendants due to her sex, in violation of the New Mexico Human Rights Act, NMSA 28-1-7 et seq. (the NMHRA), in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Pregnancy Discrimination Act and in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

2.      Jurisdiction and venue are proper in this court as all acts complained of occurred in New Mexico and Defendants are a "person" and employer as defined by the NMHRA and an employer as defined by Title VII.

3.      Defendant Hobby Lobby was at all relevant times an employer as defined in the NMHRA, having at least four employees and under Title VII having at least fifteen employees.

4.      Plaintiff has satisfied all applicable administrative requirements before filing this lawsuit. Plaintiff received her New Mexico Human Rights Order of Non-

determination on September 21, 2018.

5. Amber was terminated on October 16, 2017, because of her sex; female.

6. Amber was hired into Defendant's location 0302 in Clovis, New Mexico in or around 2011.

7. Amber went out on approved, unpaid FMLA maternity leave in August 2017 due to the impending birth of her daughter.

8. Plaintiff met with Defendant Patterson on or around October 12, 2017, to speak with him about her returning to work at the end of her approved maternity leave.

9. Defendant Patterson informed Amber that he was unsure if he was going to "re-hire" her, although Amber had never been told by anyone that she had been terminated.

10. Defendant Patterson went on to tell Plaintiff that before she went on approved FMLA maternity leave that she was, "not working as hard as she should have been," despite the obvious fact that Plaintiff was thirty-seven (37) weeks pregnant at the time.

11. Defendant Patterson followed the previous comment by saying, "Now that you have two children, you'll probably be calling in more because of this." He added that this is, "because now there is a better chance of your children getting sick."

12. Defendant Patterson then informed Plaintiff that he, "needed the weekend to think about it," and that he would let her know on Monday, October 16, 2017 if Plaintiff could return to work or not.

13. Plaintiff contacted Defendant Patterson on October 16, 2017 at 3:13 p.m. but was told by Defendant Patterson that he, "No longer needed [her] as an employee."

14. When Plaintiff asked Defendant Patterson for a notice of termination and a

reason why, he stated that he, "did not have a written notice because it's on the computer."

15.    Plaintiff once again asked the reason she was terminated and Defendant Patterson said, "Because [you] voluntarily terminated and were unable to do [her] job."

16.    Defendant Patterson went on to say that in actuality he had terminated Plaintiff six weeks prior to this conversation, although Plaintiff never received any notice of this action, nor did Defendant Patterson admit to this when he said he, "needed the weekend to think about it."

## COUNT I - DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT

17.    Plaintiff incorporates by reference the factual allegations of each of the preceding paragraphs.

18.    Plaintiff is female.

19.    Plaintiff was qualified for the position she was performing before going on her maternity/FMLA leave.

20.    Defendants discriminated against Plaintiff on the basis of her sex; female, by refusing to allow her to return to work after coming back from approved FMLA maternity leave and by terminating her from her employment while on approved FMLA maternity leave in violation of NMSA 28-20-1 et seq.

21.    Plaintiff has suffered an adverse employment action, termination, due to this discrimination.

22.    Plaintiff has been damaged as a result of this discrimination described above in the form of back and front pay, in the form of all compensatory damages allowed by law, attorneys fees, costs and expenses incurred in this action

and for prejudgment and post-judgment interest as allowed by law, and for such other relief as the court considers proper.

## COUNT II - DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

23.    Plaintiff realleges and incorporates herein by reference the allegations contained in each paragraph above.

24.    Plaintiff is female and as such is a member of a protected class as defined by Title VII.

25. Hobby Lobby is an employer which employs 15 or more employees and is subject to Title VII, including the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k).

26. Defendant Hobby Lobby has engaged in unlawful employment practices in violation of Title VII, in that Plaintiff's pregnancy was a motivating factor in defendants' decision to terminate Plaintiff's employment and upon information and belief, Hobby Lobby treated her differently than other employees who have requested time off from work. Hobby Lobby discriminated against Plaintiff on the basis of her gender in connection with its decision to terminate her employment.

27.    As a direct and proximate result of the actions and inactions of defendants, Plaintiff has suffered and will continue to suffer compensatory damages in an amount to be proved at trial, which include but are not limited to: a) past and future lost wages and employment benefits; and b) emotional

distress related to the termination of her employment, and the stigma of having to report to future employers that she was terminated by Hobby Lobby.

28.     Plaintiff is also entitled to an award of punitive damages and reasonable attorney's fees and costs in connection with her claim of pregnancy/gender discrimination under Title VII and the Pregnancy Discrimination Act, as a result of defendants' reckless and wanton disregard for her rights under the law.

### COUNT III. Interference and Retaliation under FMLA

29.     Plaintiff realleges and incorporates herein by reference the allegations contained in each paragraph above.

30.     Hobby Lobby is an employer covered under the FMLA and is subject to its provisions. 29 U.S.C.A. § 2611(4)(A)(i).

31.     The FMLA prohibits an employer from interfering with an employee's attempt to exercise FMLA rights or discriminating against the employee for exercising her rights under the Act. 29 U.S.C.A. § 2615 (a)(1)-(2). Hobby Lobby, through defendant Patterson failed to act reasonably when Plaintiff notified him of her readiness to return to work.

32.     Hobby Lobby, by and through its employees and agents and representatives, interfered with and discriminated against Plaintiff in

connection with its failure to return her to work after her maternity/FMLA leave.

33.     The decision by Hobby Lobby, through its employees and agents, including Patterson, to terminate Plaintiff's employment was made in retaliation for Plaintiff's request to take FMLA leave and was in violation of the FMLA.

34.     As a direct and proximate result of the actions and inactions of Defendants Plaintiff has suffered and will continue to suffer all available compensatory damages in an amount to be proved at trial.

35.     The actions and/or omissions of Hobby Lobby were malicious, willful, reckless, wanton, fraudulent or in bad faith, entitling Plaintiff to an award of liquidated damages in the sum of double Plaintiff's lost wages and interest.

36.     Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to the FMLA.

**REQUESTED RELIEF**

For the reasons set forth in this complaint, Plaintiff respectfully requests that the Court enter judgment as follows:

1.     Against defendants for all lawfully recoverable compensatory and punitive damages allowed by law, in an amount to be determined by the jury;

2.     Against defendant for costs, expenses and attorneys' fees; for prejudgment and post-judgment interest as allowed by law, and for such other relief as the court considers proper.

Respectfully submitted,

Valdez and White Law Firm, LLC

By:  /s/Timothy L. White
      Timothy L. White
      P.O. Box 25646
      Albuquerque, N.M. 87125
      Phone: (505) 345-0289
      Facsimile: (505) 345-2573
      tim@valdezwhite.com